IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JUSTIN J. BAKER,                                         Case No. 6:16-cv-01793-AA
                                                                          ORDER

         Plaintiff,

    vs.

MARICLES INDUSTRIES, INC., dba
SERVICEMASTER CLEANING
SPECIALISTS, and SCOTT N. MARICLE

         Defendants.

_____

AIKEN, Judge:

In this action, plaintiff Justin Baker and defendants ServiceMaster Cleaning Specialists and

its corporate president, Scott Maricle, sent the Court letters requesting a ruling on whether their

negotiated Stipulated Protective Order ("SPO") should include an attorney's eyes only provision

given the sensitive and confidential information in plaintiff's medical and military files.

**BACKGROUND**

Plaintiff was a reservist with the United States Air Force and served in Afghanistan before

he started working for ServiceMaster Cleaning Specialists as a water technician on August 12, 2013.

PAGE 1 - ORDER

Ross Ex. 1 at 19, Jan. 13, 2017; Pl.'s Resp. Br. to Def.'s Mot. Summ. J. 2 (doc. 18). Plaintiff

received a diagnosis of post-traumatic stress disorder (PTSD) after his discharge from the Air Force.

Ross Ex. 1 at 151, Jan. 13, 2017.

On October 24, 2014, plaintiff claims he overheard a conversation between Mr. Maricle and

plaintiff's project manager, Andrew McCabe, wherein Mr. Maricle made offensive remarks

regarding plaintiff's PTSD. *Id.* In that conversation, Mr. Maricle allegedly said plaintiff "needs to

get over his bullshit" in reference to plaintiff's PTSD. *Id.* at 15. Shortly thereafter, Mr. Maricle and

Mr. McCabe called plaintiff into a meeting. *Id.* at 14. Although parties dispute whether

ServiceMaster Cleaning Specialists terminated plaintiff or plaintiff voluntarily left his employment,

October 24, 2014, was plaintiff's last day with ServiceMaster Cleaning Specialists. *Id.* at 77–78 &

151.

Plaintiff alleges Mr. Maricle continued making disparaging remarks even after the

termination of plaintiff's employment. *Id.* at 152. Ultimately, plaintiff credits discrimination on the

basis of his perceived and actual disability and retaliation for initiating a complaint of a hostile work

environment as the reasons for his termination. *Id.*

## STANDARD

Under Federal Rules of Civil Procedure 26(c), the Court, upon a motion and a showing that

the parties have conferred in good faith, may for good cause issue an order "to protect a party or

person from annoyance, embarrassment, oppression, or undue burden or expense[.]" The Court must

conduct a good cause review of a party's motion for a protective order even if the parties have

already stipulated to preserving confidentiality. LR 26-4(a). The District of Oregon's Local Rules

also provide that the movant must show good cause by explaining how "each particular material or

PAGE 2 - ORDER

category of materials" would produce a "specific prejudice or harm" before the court can issue an order limiting access to discovery materials." *Id.*; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not establish good cause. LR 26-4(a).

Once the party moving to prevent disclosure shows good cause, courts "balance the public and private interests to decide whether maintaining a protective order is necessary." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002)) (quotations and alteration omitted). In balancing the public and private interests, the Ninth Circuit has directed courts to consider:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Id.* at 424 & n.5 (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995)).

## DISCUSSION

Defendants do not accurately state the law when they suggest "attorneys' eyes only" designations are only appropriate in trade secret litigation. *Phillips*, 307 F.3d at 1211 ("The law ... gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research,

PAGE 3 - ORDER

development or commercial information.") (emphasis omitted); *see Martinez v. City of Ogden*, 2009 WL 424785, *1 (N.D. Utah Feb. 18, 2009) (explaining that Federal Rule of Civil Procedure 26(c) justifies the use of protective measures if the discovery material "could be damaging to reputation and privacy" if publicly released) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984)); *cf. In re City of New York*, 607 F.3d 923, 935 (2d Cir. 2010) (noting that "attorneys' eyes only" disclosure is a "routine feature of civil litigation involving trade secrets"). In fact, it would not be unprecedented for the parties to agree to a two-tier SPO in order to protect medical records. *See, e.g., Kasbarian v. Equinox Holdings, Inc.*, 2016 WL 4974945, *1–*2 (C.D. Cal. Sept. 16, 2016); *Spahr v. Amco Ins. Co.*, 2010 WL 11459933, *4 (C.D. Cal. Aug. 16, 2010); *Boyd v. City & Cnty. of San Francisco*, 2006 WL 1390423, *6 (N.D. Cal. May 18, 2006).

Primarily, plaintiff appears to rest his argument for additional confidential protections on his general anxiety about producing records to Mr. Maricle and his former supervisor, Mr. McCabe. Plaintiff also underscores the nature of the dispute and suggests that because plaintiff alleged a violation of employment discrimination statutes, malice or bad faith motivates Mr. Maricle and Mr. McCabe.

Defendants respond by pointing to the restrictions that a two-tier SPO could place on litigants. In particular, they cite *Arvco Container Corp. v. Weyerhaeuser Co.*, 2009 WL 311125, *6 (W.D. Mich. Feb. 9, 2009), for the proposition that "the indiscriminate use of 'attorney's eyes only' protective orders does pose a significant handicap on the restricted litigant." The *Arvco Container* court emphasized that keeping litigants "in the dark about the important facts of the case" curbs opportunities for litigants to provide "real, meaningful input" for "tactical decisions" or "determining

the bona fides of the information submitted by" plaintiff. *Id.* (quoting *Defazio v. Hollister, Inc.,*

2007 WL 2580633, \*2 (E.D. Cal. Sept. 5, 2007)). As such, under attorney's eyes only provisions,

> [d]iscovery, trial preparation, and trial are made more difficult and expensive if an
> attorney cannot make complete disclosure of the facts to the litigant. . . . It is
> difficult, and perhaps impossible, for an attorney to counsel a client to compromise
> or even abandon a case on the basis of information kept secret from the client.

*Id.*; *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 249–52 (D. Kan. 2010) ("The court

should also consider whether prohibiting the individual's access to the information would hamper

the party's ability to assess the merits of the litigation[.]"); *see also Martinez*, 2009 WL 424785, \*3

(underscoring litigant's right to discovery material at trial is to preserve the full and fair opportunity

to litigate and present evidence as a matter of due process). In addition, defendants argue that second

layer of protection could increase the cost and length of the parties' dispute. *See Ragland v. Blue

Cross Blue Shield of N.D.*, 2013 WL 3776495, \*1–\*2 (D.N.D. June 25, 2013) (noting that a two-tier

SPO "is likely . . . to lead to more disputes that will need to be resolved by the court rather than less"

and characterizing the use of a two-tier SPO as "drastic").

Plaintiff's right to maintain the confidentiality of his medical records can establish good

cause. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1186 (9th Cir. 2006). However,

weighing the public and private interests as the parties articulated them, the Court is not convinced

that a blanket "attorney's eyes only" designation is necessary. The Court's primary concern is that

plaintiff's general anxiety alone does not justify heightened confidentiality protections of a two-

tiered SPO. *See Arvco Container Corp.*, 2009 WL 311125, \*5 & \*8 ("A litigant's vague feeling of

discomfort or its desire to hobble its opponent in litigation" do not justify "the most restrictive

possible protective order" that limits access of confidential documents to the attorneys and expert

PAGE 5 - ORDER

witnesses).  Furthermore, assuming defendants will act in bad faith would be an abuse of the Court's

discretion.  *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (explaining that "hypothesis

or conjecture" cannot serve as the basis of a protective order) (quoting *Valley Broad. Co. v. U.S.

Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1293 (9th Cir. 1986)).

A single-tier SPO provides a layer of protection that should comfort plaintiff.  "[S]evere

consequences . . . may apply to any breach of the obligation to protect information designated as

confidential[,]" including "conceding contested facts; prohibiting designated claims, defenses or

evidence; striking pleadings in whole or in part; dismissing the action or proceeding in part;

rendering a default judgment against the disobedient party; attorney fees; and treatment of

disobedience as contempt of court." *Martinez*, 2009 WL 424785, at \*3; *see* Fed. R. Civ. P. 37(b)(2)

(authorizing the award of sanctions for failure to comply with discovery orders).  If, as plaintiff

hypothesizes, defendants breach confidentiality in violation of the SPO, the Court is committed to

hearing a timely motion for sanctions in an expeditious and responsive manner.  Even if the parties

adopt a single-tier SPO now, plaintiff may move to modify the SPO if circumstances change and

plaintiff is able to articulate specific harms and prejudice resulting from disclosure.  Finally,

breaching a confidentiality provision in the parties' SPO may also give rise to an independent cause

of action.

There is no need at this time for an attorney's eyes only provision in the parties' SPO.

IT IS SO ORDERED.

Dated this __14__ day of February 2017.

_____
Ann Aiken
United States District Judge

PAGE 6 - ORDER